UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARREN GARDISER,<br><br>                               Petitioner,<br><br>v.<br><br>R. MADDEN, Warden,<br><br>                               Respondent. | Case No.:  22cv0743-CAB (WVG)<br><br>**NOTICE OF OPTIONS TO AVOID DISMISSAL DUE TO FAILURE TO EXHAUST STATE COURT REMEDIES** |

    Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  He challenges an August 5, 2021, denial of parole for a sentence of 25 years to life imposed following a 1997 conviction in the San Diego County Superior Court.  (*Id*. at 3-4, 8.)  It does not appear that state court remedies have been exhausted as to any claim in the Petition.  Although the Petition is subject to dismissal without prejudice due to the failure to exhaust state court remedies, Petitioner is first entitled to be notified of his options to avoid such a dismissal.

    Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.")

"A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") The claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

There is no indication in the instant Petition that any claim presented has been raised in the California Supreme Court. In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court adopted a "total exhaustion rule" which requires federal courts to dismiss habeas petitions brought pursuant to § 2254 which do not contain only exhausted claims. *Id*. at 522. Because the one-year statute of limitations imposed on § 2254 habeas petitions after *Rose* was decided created a risk of a claim dismissed under *Rose* becoming time-barred, the Court approved of a procedure by which the Petition is stayed while the Petitioner returns to state court to exhaust. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a *Rhines* stay may

be appropriate even for a fully unexhausted petition).  The Court may grant a *Rhines* stay when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines*, 544 U.S. at 278.

The Court hereby notifies Petitioner of his options to avoid dismissal for presenting a Petition with only unexhausted claims.

### i)  First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims in the Petition.  If Petitioner chooses this option, these papers are due no later than **August 8, 2022.**

### ii)  Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted claims.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year to file his federal petition from when his parole denial becomes final, which is typically 120 days after the hearing, unless he can show that statutory or equitable "tolling" applies.[1]  *See Redd v.*

---

[1] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

*McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003) ("[F]or petitioners challenging administrative decisions such as the denial of parole . . . , [the] one-year statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final."); *see also e.g. Davis v. Ground*, No. 12cv0033-THE, 2013 WL 893926, at *2 (N.D. Cal. March 8, 2013) (explaining that after *Redd*, under 15 CCR §§ 2041 and 2043, California parole decisions become final 120 days after the decision date absent modification); *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  *Duncan*, 533 U.S. at 181-82.

If Petitioner chooses this second option, he must file a pleading with this Court no later than **August 8, 2022.**

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. If Petitioner wishes to use the *Rhines* procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. If Petitioner chooses this third option, he must file a pleading with this Court no later than **August 8, 2022.**

### CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal for failure to allege exhaustion of state court remedies. In order for Petitioner to avoid such a dismissal, he must notify the Court, no later than **August 8, 2022**, which one of the options outlined above he chooses. Petitioner is cautioned that if he fails to timely respond to this Order, the Petition will be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: July 5, 2022

Hon. Cathy Ann Bencivengo
United States District Judge